# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANNA LYNN COSTELLO, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-09-317-FHS-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Janna Lynn Costello requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on October 5, 1957, and was fifty years old at the time of the administrative hearing (Tr. 128). She has a GED, completed cosmetology school (Tr. 148), and has worked as a receptionist/data entry clerk and as a cashier/stocker in a grocery store (Tr. 141). The claimant alleges that she has been unable to work since August 12, 2006 because of depression, migraines, spondylolisthesis, carpal tunnel syndrome, degenerative osteoarthritis and impingement syndrome in the shoulder, elbow, and wrist (Tr. 140).

## Procedural History

On August 14, 2006, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Lantz McClain conducted the administrative hearing and found that the claimant was not disabled in a written opinion dated September 29, 2008. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform a limited range of

sedentary work, *i. e.*, she could lift/carry 10 pounds frequently and occasionally, stand and/or walk for 2 of 8 hours in a normal workday, and sit for 6 of 8 hours in a normal workday, but should avoid both working above shoulder level and the constant use of her hands for repetitive tasks (Tr. 20). The ALJ concluded that the claimant was not disabled because she could return to her past relevant work as a receptionist (Tr. 22).

**Review**

The claimant contends that the ALJ erred by failing to perform a *Winfrey* analysis with respect to claimant's mental health limitations at step four, and ii) by failing to perform a proper credibility analysis. The ALJ finds the second contention persuasive.

Deference must be given to an ALJ's credibility determination unless there is an indication that the ALJ misread the medical evidence taken as a whole. *Casias v. Secretary of Health & Human Services,* 933 F.2d 799, 801 (10th Cir. 1991). Further, an ALJ may disregard a claimant's subjective complaints of pain if unsupported by any clinical findings. *Frey v. Bowen,* 816 F.2d 508, 515 (10th Cir. 1987). But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted]. A credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4.

The ALJ found that the claimant was not credible because: (i) there was only one EMG study on file regarding her carpal tunnel syndrome; (ii) she admitted enjoying yard work and gardening at a doctor's visit on March 29, 2004; (iii) she told a doctor that she was feeling good on January 5, 2007; and, (iv) there was no evidence of any medical care from January 28, 2007 to April 29, 2008. This analysis of the claimant's credibility was deficient for a number of reasons.

First, the ALJ should not have cited any failure to obtain treatment as a basis for attacking the claimant's credibility without first considering whether there were good reasons for such failure. *See, e. g., Thompson v. Sullivan,* 987 F.2d 1482, 1490 (10th Cir. 1993) ("[B]efore the ALJ may rely on the claimant's failure to pursue treatment or take medication as support for his determination of noncredibility, he or she should consider '(1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse.'"), *citing Frey v. Bowen,* 816 F.2d 508, 517 (10th Cir. 1987), *citing Weakley v. Heckler,* 795 F.2d 64, 66 (10th Cir. 1986), *quoting Teter v. Heckler,* 775 F.2d 1104, 1107 (10th Cir. 1985). There undoubtedly was ample evidence in the record here, for example, to indicate that the claimant lacked health insurance and could not afford to pay for any treatment (Tr. 193, 452).

Second, the ALJ singled out comments by the claimant supporting a finding of non-disability (including a statement made before her onset date) without considering the overall consistency of her various statements from the time of her application through the

administrative hearing. In her Function Report dated August 4, 2006, for example, the claimant wrote that her hobbies were "gardening, yard work, [and] sewing" but that she was unable to do engage in these hobbies very often, because she "cannot spend [hours] weeding garden, planting [and she] cannot sit for a long while sewing" (Tr. 124). She also stated she was unable to perform activities such as walking, sitting, and kneeling because her back ached so badly that she had difficulty concentrating (Tr. 125). In another Function Report dated February 16, 2007, the claimant wrote that her husband had to remove clothes from the washer because doing so hurt her arms (Tr. 159). She reiterated her inability to garden, perform yard work, and sew, because she was unable to sit for very long while sewing and could not hold a weedeater or crawl around in the garden (Tr. 161). She also wrote that her back, hips and legs hurt "basically all the time" and reduced her ability to do things such as squat or bend (Tr. 162). These statements are consistent with her testimony, and the ALJ should have considered them all in assessing claimant's credibility rather than focusing only upon isolated statements about feeling well. *See, e. g., Pryce-Dawes v. Barnhart*, 166 Fed. Appx. 348, 350 (10th Cir. 2006) ("[O]ur review indicates that the activities in Exhibit 4E appear generally consistent with her hearing testimony. Whatever conflict the ALJ found is not obvious. Thus, we cannot conclude that the ALJ's credibility findings are closely and affirmatively linked to substantial evidence.").

Because the ALJ failed to properly consider the claimant's credibility, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further

analysis. If such analysis results in any modifications to the claimant's RFC, the ALJ should then re-determine what the work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

As set forth above, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. The undersigned Magistrate Judge accordingly hereby RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b)(2).

**DATED** this 15th day of September, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**