## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANNA L. COSTELLO, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL ASTRUE, Commissioner )<br>Social Security Administration )<br>)<br>    Defendant. ) | No. CIV-09-317-FHS-SPS |

### OPINION AND ORDER

On January 27, 2012, Plaintiff's counsel filed a Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 28) and a Motion For Relief Pursuant to Fed.R.Civ.P. 60(b)(6) (Dkt. No. 27). Judgment was entered in favor of Plaintiff on September 30, 2010, remanding this action to the Commissioner under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner found in favor of Plaintiff on December 8, 2011, and determined Plaintiff has been under a disability as defined by the Social Security Act since August 12, 2006. On December 26, 2011, a Notice of Award was issued in favor of Plaintiff with an award of back benefits in the amount of $70,792.40. On January 3, 2012, counsel for Plaintiff received the Notice of Award.

Attorney fees are awardable under 42 U.S.C. § 406(b)(1) when a social security claimant is awarded disability benefits following a remand from a federal district court. McGraw v. Barnhart, 450 F.3d 493, 496 (10th Cir. 2006). In such circumstances, the fourteen-day period running from the date of

1

judgment under Fed.R.Civ.P. 54(d)(2)(B)(i) will have expired and claimants, through counsel, rely on Rule 60(b)(6) to seek such fees well after the expiration of the fourteen-day period.  <u>Id</u>. at 505.  The <u>McGraw</u> Court noted, however, that "[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits."  <u>Id</u>.  The Court finds it appropriate to authorize Plaintiff's counsel to file his § 406(b)(1) motion for attorney fees following the receipt of the December 26, 2011, Notice of Award containing the calculation of past-due benefits.  The "decision awarding benefits" language referenced by the <u>McGraw</u> Court necessarily includes not only the favorable decision on disability, but the actual award of past-due benefits.  Plaintiff's counsel is entitled to file his motion within a reasonable time of the Notice of Award.  Counsel's motion filed on January 27, 2012 - thirty-two days from the December 26, 2011, issuance of the Notice of Award and twenty-four days from counsel's January 3, 2012, receipt of the Notice of Award - is therefore timely.

Plaintiff's counsel has moved the Court to approve an attorney fee award under 42 U.S.C. § 406(b)(1) in the amount of $17,698.10 for counsel's representation of Plaintiff before the Court.  Counsel's requested fees do not exceed either the amount contracted for in the parties' contingency agreement or the 25% limitation of section 406(b).  Neither the Commissioner nor the Plaintiff have presented any objection to Plaintiff's counsel's request for fees in the amount of $17,698.10.  The Commissioner has filed an informative response on the various points of law to be considered, but has declined to take a position on the

reasonableness of counsel's fee request.  Plaintiff has indicated in a document entitled "Notice To Plaintiff" (Exhibit "C" to Dkt. No. 28) that she has no objection to the attorney fees requested by her counsel.  The Court has conducted an independent review of the record, including the contingency-fee contract between counsel and Plaintiff, and counsel's documented time records, and concludes counsel's motion is timely and that the requested attorney fee amount of $17,698.10 is reasonable under the facts and circumstances of this case given the nature and quality of the representation and the results achieved.  See Gisbrecht v. Barnhart, 535 U.S. 789, 807-809 (2002).

Consequently, Plaintiff's counsel's Motion for Relief Pursuant to Fed.R.Civ.P. 60(b)(6) (Dkt. No. 27) is granted.  Plaintiff's counsel's Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 28) is granted in the amount of $17,698.10.  Pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986), Plaintiff's counsel is directed to refund to Plaintiff the smaller amount of fees ($5,631.20) previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

It is so ordered this 21st day of February, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

3